UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Crim. No. 23-42 (JRT) |
| v. | |
| LARRY DARNELL ARMSTRONG, | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |
| Defendant. | |

---

Andrew R. Winter and William C. Mattessich, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Larry Darnell Armstrong, Reg. No. 13266-041, U.S.P. Leavenworth, P.O. Box 1000, Leavenworth, KS 66048, *pro se* Defendant.

Defendant Larry Armstrong is currently serving a 10-month sentence for violating the terms of his supervised release conditions. Armstrong asks the Court to reduce his sentence and grant him compassionate release because he has been unable to discuss programming or post-release planning with prison staff and fears attack by other prisoners. Armstrong prematurely brought this motion without first exhausting all administrative rights, so the Court will deny his motion on that ground. Additionally, Armstrong has not established extraordinary and compelling reasons, which serves as a secondary basis for denial. Thus, the Court will deny Armstrong's Motion for Compassionate Release.

**BACKGROUND**

Armstrong has recently been transferred from traditional custody but is still under the supervision of the Federal Bureau of Prisons ("BOP") in Minneapolis. *Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Feb. 21, 2024). On June 21, 2023, Armstrong admitted guilt to violating certain terms of his supervised release conditions, namely by failing to pay restitution and failing to remain free of any narcotic or other controlled substance. (Sentencing J. at 1, June 22, 2023, Docket No. 29.) As a result of his violation, Armstrong was sentenced to a 10-month term of imprisonment. (*Id.* at 2.) Armstrong's current projected release date is May 11, 2024. *Inmate Locator*.

On October 24, 2023, Armstrong filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that he should be released[1] because he has been "in constant lockdown" and unable to discuss programming or post-release planning with prison staff. (Mot. Compassionate Release at 2, Docket No. 36.) Armstrong also argues release is warranted because he is afraid of getting attacked by other prisoners given his age of 54 years and medical issues. (*Id.* at 3.) The United States did not respond to the motion.

---

[1] Armstrong seemingly also asks the Court to be transferred to a halfway house. Based on his current inmate status, he has already been transferred out of Leavenworth. But, even if the Court wanted to transfer him, that power is solely in the hands of the BOP. 18 U.S.C. § 3621(b). As such, the Court will consider his motion as one for immediate release as opposed to a request for transfer.

## DISCUSSION

The First Step Act, passed in December 2018, amended the procedure for compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)). The statue permits defendants, in addition to the BOP, to move for compassionate release. *Id.* However, a defendant may only bring such a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). In short, the First Step Act allows a court to modify a term of imprisonment based on a defendant's motion only when the defendant has first requested that the BOP bring a motion on the defendant's behalf and the request has either been rebuffed or lapses. *Id.*

Armstrong presents no evidence that he requested BOP bring this Motion on his behalf. However, he does casually reference the statutory requirements of exhausting his administrative remedies and seemingly lists some months where he attempted the request. It is unclear whether this request was made but even so, his Motion still fails to present the Court with any extraordinary and compelling reasons to grant compassionate release.

The Court may modify a defendant's sentence if, after considering the statutory sentencing factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission notes that extraordinary and compelling reasons may include terminal illness or serious conditions that substantially diminish the ability of the defendant to provide self-care, the death or incapacitation of the caregiver of the defendant's minor children, or when the defendant is at least 65 years of age and is experiencing a serious deterioration in health. U.S.S.G. §1B1.13(b)(1)–(3).

Armstrong's reasons to grant compassionate release are insufficient. Difficulty in planning for post-release and fearing potential attack by other prisoners are not extraordinary and compelling reasons that warrant a sentence reduction. Armstrong has not demonstrated that he suffers from terminal illness or a serious condition that diminishes his ability to provide self-care or that he has family circumstances that warrant a sentence reduction. At 54, he is well below the threshold age of 65 years and, while he notes health problems, he presents no indication of serious deterioration in health. Because Armstrong's reasons are insufficient, the Court finds no extraordinary or compelling reasons to reduce the sentence. Accordingly, the Court will deny Armstrong's Motion for Compassionate Release without prejudice, which means that Armstrong can refile his motion with proof of a request to BOP first if extraordinary and compelling reasons arise.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release [Docket No. 36] is **DENIED without prejudice**.

DATED:  February 21, 2024                        _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                                                           United States District Judge